**cc: Order, docket and ltr**

**to Superior Court BC549973**

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CRUZ RAMOS, by and through his Guardian ad Litem, Louisa Campbell, <br><br> Plaintiff, <br><br> v. <br><br> MARTIN AGUIRRE; EL PASO-LOS ANGELES LIMOUSINE EXPRESS, INC.; VICTOR GALVIN dba VG TRANSPORTATION; MILO EXPRESS, INC.; FAYE STEWART TRANSPORTATION SERVICES, LLC; SEARING INDUSTRIES, INC; and DOES 3-100, Inclusive, <br><br> Defendants. | CV 14-7104 RSWL (MANx) <br><br> **ORDER Re: PLAINTIFF'S MOTION TO REMAND** [8] |

Now before the Court is Plaintiff Jose Cruz Ramos's Motion to Remand Case to Superior Court [8].  Having reviewed the papers submitted on this issue, the Court hereby **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

This Action for personal injuries was commenced on June 17, 2014 in California Superior Court for the

1  County of Los Angeles.   See Compl., Exh. 1 to Notice of
2  Removal.   Plaintiff has alleged that Defendants'
3  negligent conduct caused him bodily injury.   See id.
4  Defendants then removed this Action to federal court,
5  asserting a federal question under 28 U.S.C. § 1331.
6  See Notice of Removal.   Specifically, Defendants have
7  argued that the Interstate Commerce Commission
8  Termination Act ("ICCTA"), 49 U.S.C.A. § 14501(c)(1),
9  preempts state jurisdiction because claims for personal
10  injury "are a veiled attempt at regulating the
11  'services' offered by a freight broker."   Notice of
12  Removal 4:2-3.

## II. LEGAL STANDARD

14      Under 28 U.S.C. § 1331, the district court has
15  "original jurisdiction of all civil actions arising
16  under the Constitution, laws, or treaties of the United
17  States." 28 U.S.C. § 1331. "If at any time before
18  final judgment it appears that the district court lacks
19  subject matter jurisdiction, the case shall be
20  remanded." 28 U.S.C. § 1447(c). "Only state-court
21  actions that originally could have been filed in
22  federal court may be removed to federal court by the
23  defendant." Caterpillar, Inc. v. Williams, 482 U.S.
24  386, 392 (1987). The "strong presumption against
25  removal jurisdiction means that the defendant always
26  has the burden of establishing that removal is proper."
27  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)
28  (per curiam) (internal quotation marks omitted).

### III.   DISCUSSION

"Where a plaintiff invokes traditional elements of tort law and the issue of preemption arises, 'the courts almost uniformly have resolved against federal preemption.'" <u>Jimenez-Ruiz v. Spirit Airlines, Inc.</u>, 794 F. Supp. 2d 344, 348 (D.P.R. 2011) (quoting <u>Dudley v. Bus. Exp., Inc.</u>, 882 F. Supp. 199, 206 (D.N.H. 1994)); <u>see</u>, <u>e.g.</u>, <u>Owens v. Anthony</u>, No. 2-11-0033, 2011 WL 6056409, at *1 (M.D. Tenn. Dec. 6, 2011) (finding that personal injury negligence claims are not preempted by the FAAAA); <u>Gill v. JetBlue Airways Corp.</u>, 836 F. Supp. 2d 33, 42 (D. Mass. 2011) (state law negligence claim was not preempted by ADA).  The Supreme Court has argued that "is difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct." <u>Silkwood v. Kerr-McGee Corp.</u>, 464 U.S. 238, 251 (1984).

Defendants argue that notwithstanding the near-universal refusal of the courts to find personal injury actions preempted, Plaintiff's claim is an attempt to regulate the services of a freight carrier in violation of the ICCTA.  In attempting to define the word "service," as used in the Airline Deregulation Act ("ADA"), the Ninth Circuit has warned that a broad interpretation would "ignore the context of its use" and effectively "result in the preemption of virtually everything" a transporter does.  <u>Charas v. Trans World</u>

Airlines, Inc., 160 F.3d 1259, 1266 (9th Cir. 1998), opinion amended on denial of reh'g, 169 F.3d 594 (9th Cir. 1999). The Ninth Circuit concluded that ADA regulations were "intended to insulate the industry from possible state economic regulation," not to "immunize the airlines from liability for personal injuries caused by their tortious conduct." Id. Accordingly, the Ninth Circuit defines "service" "in the public utility sense-i.e., the provision of air transportation to and from various markets at various times." More specifically, the court explained, "Congress used the word 'service' ... to refer to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail." Id.

Importantly, precedent from this District holds that "Section 14501(c)(1) is nearly identical to 49 U.S.C. § 41713 [formerly § 1305], part of the Airline Deregulation Act ("ADA"). Therefore, interpretations of this part of the ADA are applicable to § 14501(c)(1)." Works v. Landstar Ranger, Inc., 2011 WL 9206170 at *1 (C.D. Cal., Apr. 13, 2011 (citing Rowe v. N.H. Motor Transp. Ass'n, 552 U.S. 364, 368, 370 (2008)). Thus, the same line of logic that rejects ADA preemption of personal injury claims applies to the argument that the ICCTA preempts Plaintiff's personal injury claims. Plaintiff's claims for negligence, peculiar risk, and non-delegable duty are not sufficiently related to

Defendants' "service" to be preempted by § 14501(c)(1).
See id. at *2.  To hold otherwise would do exactly as
the Supreme Court of the United States warned against
in Silkwood–it would prevent a plaintiff from obtaining
any recourse against illegal and/or tortious conduct.
Thus, this Court finds that § 14501(c)(1) does not
preempt Plaintiff's causes of action.  Accordingly,
this Court remands the Action to the California
Superior Court.

## IV. CONCLUSION

This Court therefore **GRANTS** Plaintiff Jose Cruz
Ramos's Motion to Remand Case to Superior Court [8].
Defendants' pending Motions in this Action are thus
**VACATED AS MOOT.**

**IT IS SO ORDERED.**

DATED: December 12 , 2014

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

5